UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY WHITE,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

Case No. 15-cv-03265-JD

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Larry White, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

1  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
2  omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its
3  face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face"
4  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
5  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court
6  should assume their veracity and then determine whether they plausibly give rise to an entitlement
7  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
9  the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
10  committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

11  **II.   LEGAL CLAIMS**

12       Plaintiff alleges that the presiding judge in his criminal trial had not filed an official oath of
13  office within the time required.  In order to recover damages for an allegedly unconstitutional
14  conviction or imprisonment, or for other harm caused by actions whose unlawfulness would
15  render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction
16  or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a
17  state tribunal authorized to make such determination, or called into question by a federal court's
18  issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim
19  for damages bearing that relationship to a conviction or sentence that has not been so invalidated is
20  not cognizable under § 1983. *Id*. at 487.

21       Plaintiff was convicted of multiple rapes after trial in 2008.  He states that the presiding
22  judge's official oath of office was not filed until 2011, beyond the time required by the California
23  Secretary of State.  Plaintiff states that defendants, the City and County of San Francisco were
24  negligent in allowing this to occur.  For relief he seeks money damages.  The complaint is
25  dismissed with leave to amend.  To the extent plaintiff seek relief that would render his conviction
26  invalid, he must demonstrate that his conviction has been reversed or expunged.  To the extent
27  plaintiff does not seek relief that would invalidate his conviction he must demonstrate a violation
28  of a right secured by the Constitution  or laws of the United States to proceed under  42 U.S.C. §

1983.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of all defendants except Cavagnolo and this case will only proceed against him.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 29, 2015

_____
JAMES DONATO
United States District Judge